# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERTA DUPLANTIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1506** |
| **NSB PROPERTIES, L.L.C.,**<br>**UNDER-WRITERS AT LLOYD'S,**<br>**LONDON, CONSOLIDATED**<br>**WATERWORKS DISTRICT NO.**<br>**1, ARCH INSURANCE CO., THE**<br>**UNITED STATES OF AMERICA**<br>**ETC.**<br>    **Defendant** | **Section "E"** |

## ORDER & REASONS

Before the Court are the United States's motion to dismiss, which Plaintiff and Defendant NSB Properties ("NSB") oppose,[1] and the United State's motion to dismiss NSB's cross-claim against it, which NSB opposes.[2]  For the following reasons the motions are **GRANTED**.

## BACKGROUND

NSB is a Louisiana limited liability corporation that owns a facility and parking lot located at 3804-3806 County Drive in Bourg, Louisiana. Since 1988 NSB has leased part of its facility to the United States Postal Service ("USPS"), and since 2000 has leased the remainder of its facility to the General Services Administration ("GSA").  The USPS lease included 11,916 square feet of exterior parking and was effective through July 31, 2013,

---

[1]     R. Docs. Nos. 17, 21, 23, 47.

[2]     R. Docs. Nos. 40, 42.

1

while the GSA lease included four parking spaces and was effective until June 5, 2015. Although disputed, the leases provided that the lessor assumed the responsibility of maintaining and repairing the premises.

On March 8, 2011, Roberta Duplantis alleges that as she was riding as a passenger in an automobile, the vehicle "fell into a water meter hole" located in the parking lot adjacent to the NSB facility. She has sued NSB, Consolidated Water Works District No. 1 (the owner of the water meter), the United States of America (on behalf of the Departments of the USPS and the GSA), and the Government Employee's Insurance Company for negligence. Duplantis claims that Defendants' negligence resulted in a herniated lumbar disc, several fractured/broken ribs, and occipital headaches, and she seeks recovery for past, present, and future medical expenses and lost wages/earning capacity, as well as damages for pain and suffering, emotional stress and strain, permanent residual disability, and loss of enjoyment of life. NSB has filed a cross-claim against the United States seeking indemnity for any potential liability arising out of Duplantis' suit against it.

## ANALYSIS

### I. Motion to Dismiss Plaintiff's Complaint

The United States moves to dismiss Duplantis' claim for lack of subject matter jurisdiction because (1) she has failed to properly and/or fully exhaust her administrative claims and (2) the tortious acts complained of were committed by a contractor rather than a federal employee.

A plaintiff filing a claim under the Federal Tort Claims Act ("FTCA") against the United States government or any of its agencies must first submit the claim to the appropriate federal agency, as an administrative remedy. 28 U.S.C. § 2675(a). The statute

also provides that any claims brought before administrative remedies have been fully exhausted must be dismissed. *Id.* The Code of Federal Regulations specifies that federal agencies have six months from the time of the claim's submission, or from the time of a request for reconsideration, within which to reject or take action on a plaintiff's claim. 28 C.F.R. §§ 14.2, 14.9(b). Thus, a plaintiff may not properly file suit against the United States until six months have passed since the time of the claim's submission to a federal agency, or the submission of a request for consideration.

Plaintiff filed this suit on June 13, 2012.[3] But she lodged her administrative complaint with the Postal Service on February 1, 2012, so she was required to wait until August 1, 2012, to file suit based on it, and she lodged her reconsideration request with the Interior Department (concerning the claim against GSA) on March 13, 2012, so she was required to wait until September 13, 2012, to file suit based on it.[4] Even though Plaintiff did exhaust her claims after suit was filed, the Court is still required to dismiss. 31 *Federal Procedure* § 73:367 ("An action under the Federal Tort Claims Act (FTCA) is not maintainable when the claimant fails to exhaust his or her administrative remedies prior to filing suit, even if he or she subsequently does so before substantial progress is made in the litigation." (citing *McNeil v. United States*, 508 U.S. 106 (1993))). Accordingly, the United States' motion to dismiss Plaintiff's complaint must be granted.[5]

---

[3] R. Doc. No. 1.

[4] R. Doc. No. 21, pp. 1–2.

[5] The Court is required to dismiss rather than permit the filing of an amended complaint. 31 *Federal Procedure* § 73:367 ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement

## II.     Motion to Dismiss NSB's Cross-Claim and Third Party Demand

The United States moves to dismiss NSB's cross-claim against it on the grounds that: (1) the NSB's cross claim improperly names the USPS, rather than the United States as the defendant; (2) this court lacks jurisdiction because the state court from which NSB's third-party demand was removed lacked jurisdiction; (3) this court lacks jurisdiction because the indemnity sought by NSB arose out of a contractual obligation, rendering the dispute one that the Contract Disputes Act ("CDA") requires to be litigated in the Court of Federal Claims; and (4) NSB's cross-claim for tort-based indemnification is a thinly-veiled attempt at circumventing the CDA's requirements.

Assuming without deciding that the United States' first through third objections are without merit, the Court agrees that NSB's claim for indemnification is subject to the CDA and therefore may not be brought in this Court.[6]  All procurement contracts entered into with the federal government are governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-7109, which sets out the jurisdictional prerequisites for the proper filing of a suit against the government in a contract dispute. If the CDA is found to apply, it provides that a private contractor must first submit a claim to the agency that executed the contract at issue.  41 U.S.C. § 7103(a).  Only after the contracting officer of the corresponding agency has issued or failed to make a timely decision, may the party appeal or file suit.  *United States v. Renda Marine*, 667 F. 3d 651. 656 (5th Cir. 2012)

---

meaningless and impose an unnecessary burden on the judicial system." (citing *Duplan v. Harper*, 188 F.3d 1195 (10th Cir. 1999))).

[6]     NSB's cross-claim and third-party action, which was removed to this Court and has docket number 13-cv-125, are effectively the same.  Accordingly, the Court will consider them together, and this order will also be docketed in docket number 13-cv-125 as granting Rec. Doc. # 6.

(citing *Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 521 (D.C. Cir. 2010)). But suit may only be filed in the Court of Federal Claims, as the CDA vests "the Claims Court [with] exclusive jurisdiction to hear any claim arising from a breach of a [covered] contract." *Jackson v. USPS*, 799 F. 2d 1018, 1022 (5th Cir. 1986). Thus, if the CDA applies, the suit must be filed in the Court of Federal Claims.

NSB asserts that its claim is exempt from the CDA because its claim for indemnification is "'implied in law,' [so] it arises under a tort or quasi-contract theory." *Bill Ward Builders, L.L.C. v. Low Group, Inc.*, CIV No. 09-0139, 2010 WL 1729335 at *3 (E.D. La. Apr. 26, 2010) (quoting *American Home Assurance Co. v. Liberty Mutual Ins. Co.*, 353 F. Supp. 2d 698, 701 (E.D. La. 2004)). But both its cross-claim and third-party action allege as the basis for the indemnification claim that:

> The United States Postal Service has breached its obligations assumed under the aforementioned Lease, and the United States Postal Service is liable unto NSB Properties, LLC for total indemnification if NSB Properties, LLC is held liable unto original plaintiff for any and all damages, jointly and severally, including costs and attorney's fees, with judicial interest thereon form the date of demand until paid.[7]

As NSB itself concedes, this language means that its indemnity claim is "for an injury (based in tort) arising out of a breach of a duty by the USPS that was assumed contractually."[8] Thus, NSB's indemnification claim cannot be classified as arising in tort until the lease's terms are construed as conferring a legal duty on the USPS, and it is established that USPS breached that obligation. As such, at this point, the disagreement

---

[7] R. Doc. No. 22, pp. 6–7.

[8] R. Doc. No. 42, p. 6.

is properly characterized as a contract dispute, and thus subject to the CDA.[9]  *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) ("'It is well-established therefore that disguised contract actions may not escape the CDA.'  *United States v. J & E Salvage Co.*, 55 F.3d 985, 988 (4th Cir. 1995) (noting that the source of the rights the government sought to vindicate were based in contract, even though the government styled its action as one sounding in tort); *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1489 (5th Cir. 1989) (finding claim subject to CDA, as essence of claim was to obtain money from the government).").  Accordingly, NSB can file suit only in the Court of Federal Claims, and its suit here must be dismissed.  *Trevino*, 865 F.2d at 1489; *Jackson*, 799 F. 2d at 1022.

## CONCLUSION

For the foregoing reasons, the United States' motions to dismiss are **GRANTED**.[10]  The pending motion for summary judgment filed by NSB and its insurer is **DISMISSED AS MOOT**.[11]

**New Orleans, Louisiana, this 23rd day of September, 2013.**

                                            *Susie Morgan*
                                            **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[9] This is perhaps the reason that NSB attempted to proceed through the CDA process.  R. Doc. No. 42, pp. 3–5.  It is not clear why NSB nevertheless elected to file its claim in this Court and in Louisiana state court rather than in the Court of Federal Claims.

[10] R. Doc. No. 17, 40; R. Doc. No. 6, docket number 13-cv-125.

[11] R. Doc. No.30.